**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PORTFOLIO INVESTMENTS LLC, a Washington limited liability corporation; STEVEN J NIKOLICH, managing member, Portfolio Investments, LLC; MARCIA A NIKOLICH, both individually and on behalf of the marital community comprised thereof, | No. 13-35333<br><br>D.C. No. 2:12-cv-00104-RAJ<br><br>MEMORANDUM* |
| Plaintiffs - Appellants, | |
| v. | |
| FIRST SAVINGS BANK NORTHWEST, a Washington state chartered bank; EXECUTIVE HOUSE INC, a Washington corporation; JOHN P MILLS, individually and on behalf of the marital community comprised thereof; DAVID KROEGER; JEFF GREGG; JAMES PRESTON; VICTOR KARPIAK; FIRST FINANCIAL NORTHWEST INC; FIRST FINANCIAL DIVERSIFIED CORPORATION, a Washington corporation; TAX ATTORNEYS INC, a Washington corporation; SUSAN CHANG; JOHN E CICERO, II; JANE DOES, both individually and on behalf the marital communities of John E. Cicero, II and Jane | |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Doe Cicero and Justin Cicero and Jane Doe Cicero,

Defendants - Appellees.

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Argued and Submitted July 11, 2014
Seattle, Washington

Before: ALARCÓN, TASHIMA, and MURGUIA, Circuit Judges.

Plaintiffs–appellants Portfolio Investments LLC, Stephen Nikolich, and Stephen's wife, Marcia Nikolich (collectively "Portfolio"), appeal from the district court's dismissal of their amended complaint with prejudice for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Portfolio alleged before the district court that the First Savings Bank Northwest ("FSB") defendants–appellees[1] and the Tax Attorneys, Inc. defendants–appellees[2] collectively violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–1968, by depriving Portfolio of its intangible right

---

[1]FSB; Executive House, Inc.; John P. Mills; David Kroeger; Jeff Gregg; James Preston; Victor Karpiak; First Financial Northwest, Inc.; and First Financial Diversified Corporation.

[2]Tax Attorneys, Inc; Susan Chang; and John E. Cicero II.

to honest services. The district court held that Portfolio had failed to allege statutory standing under RICO and dismissed Portfolio's amended complaint with prejudice. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

I

To state a claim under 18 U.S.C. § 1964(c), Portfolio must have established statutory standing under RICO by pleading "(1) that [its] alleged harm qualifies as injury to [its] business or property; and (2) that [its] harm was 'by reason of' the RICO violation." *Canyon Cnty. v. Syngenta Seeds, Inc.*, 519 F.3d 969, 972 (9th Cir. 2008). Portfolio argues on appeal that its intangible right to receive honest services—of which Portfolio contends it has been deprived by FSB and Tax Attorneys' actions—suffices as a property interest for RICO statutory standing purposes. This Court has specifically held, however, that the deprivation of honest services alone "does not constitute concrete financial loss" for purposes of pleading RICO's statutory standing requirement. *Ove v. Gwinn*, 264 F.3d 817, 825 (9th Cir. 2001); *see also United States v. Kincaid-Chauncey*, 556 F.3d 923, 941 n.14 (9th Cir. 2009) ("The public's intangible right to honest services cannot be construed as 'property' traditionally understood."), *abrogated on other grounds by Skilling v. United States*, 561 U.S. 358 (2010). Furthermore, Portfolio's amended complaint itself never alleges that (or how) Portfolio was injured in its business or

3

property at all. Portfolio therefore failed to plead facts demonstrating that FSB and Tax Attorneys proximately caused it to sustain injury to its business or property through a fraudulent scheme to deprive it of honest services. Because we conclude that Portfolio lacks RICO standing, we do not reach any of the other arguments raised, including whether honest-services fraud can ever serve as a predicate RICO act.

## II

Portfolio also contends the district court erred by denying it leave to amend to correct any pleading deficiencies. Despite Portfolio's failure to seek leave to amend before the district court, we may review the issue on appeal "[b]ecause the issue was expressly addressed and decided by the district court, raised on appeal, and fully briefed by both parties." *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011).

"When the district court denies leave to amend because of futility of amendment, we will uphold such denial if it is clear, upon *de novo* review, that the complaint would not be saved by any amendment." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 893 (9th Cir. 2010) (internal quotation marks omitted). Portfolio's amended complaint was riddled with deficiencies and fell woefully short of the specificity required to meet Federal Rule of Civil Procedure 9(b)'s

heightened pleading standard for Portfolio's fraud contentions. *See Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1400 (9th Cir. 1986) ("Rule 9(b) requires that the circumstances constituting fraud be stated with particularity." (omission and internal quotation marks omitted)). Perhaps the most glaring deficiency is Portfolio's failure to allege the bribery or kickback scheme necessary to establish its honest-services fraud claim. *See Skilling*, 561 U.S. at 404. This is particularly problematic insofar as *Skilling*'s bribery-or-kickback requirement, established in June 2010, was not new at the time Portfolio filed its original complaint in January 2012 or its amended complaint in August 2012.

The great number of pleading deficiencies in Portfolio's amended complaint—combined with Portfolio's complete failure to specify what, if anything, it could allege to cure those deficiencies—demonstrates Portfolio's inability to plead sufficient facts to state a viable RICO claim. We therefore conclude that any attempt at amendment would have been futile.

**AFFIRMED.**